IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CORIANTE L. PIERCE,            )
                               )
            Plaintiff,         )
                               )
      v.                       )      1:20CV711
                               )
LINDSEY SPAIN, et al.,         )
                               )
            Defendant(s).      )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff's claims are unclear and entirely conclusory. He simply states legal conclusions without providing supporting facts for those conclusions. He must make his claims clear so that the Court can evaluate them.

2. Plaintiff does not name proper defendants or give allegations against each of them. He names both prosecutors and his defense attorney as Defendants. However, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981). Additionally, Plaintiff names the Durham County Sheriff as a Defendant, but makes no particular allegations against him. Plaintiff also names what appear to be several private persons, including medical personnel and a corporate employee at Wells Fargo, as Defendants. However, again, defendants in actions under § 1983 must act under color of state law. Finally, Plaintiff

names Durham police officers as Defendants, but does not describe what each of those officers allegedly did to violate his federal constitutional rights. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights and describe the facts surrounding those alleged violations.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 1st day of December, 2020.

                                                                                         /s/ Joi Elizabeth Peake
                                                                                              United States Magistrate Judge